## BIGGERSTAFF v. BRIGGS.

### No. 9421; July 18, 1884.

4 Pac. 371.

Contract—Action for Breach—Pleading.—In an action for breach of contract it is not necessary to allege as part of the contract, which was for excavating and cutting ditches by machine, that the machine should be so employed as not to injure defendant's vines; stipulations necessary to make a contract reasonable are implied.

Contract—Action for Breach.—Evidence of the Expense of digging a ditch in a manner materially different from the mode provided as a test of value in the contract alleged by plaintiff was irrelevant, because he was not entitled to recover anything unless the actual contract was substantially the same as that by him alleged.

Contract—Action for Breach.—Where Plaintiff Swore to an Offer to Commence Work, he is entitled to prove facts tending to show how he was prevented from performing his contract, and for that purpose may testify to a message delivered to him by the foreman of defendant. The question of agency is for the jury.

Contract—Action for Breach—Notice.—It is a Question for the Jury whether a notice to defendant was left at his residence with his wife, and whether it reached him.

APPEAL from the Superior Court of Yolo County.

This was an action for damages for a breach of contract. Defendant had agreed to hire plaintiff to cut two hundred miles of ditch with his ditching machine at one-half the price the same would cost to cut by hand, such price to be ascertained by cuttting one mile by hand in a specified manner. Plaintiff alleges that he was ready to perform the work, when defendant notified him not to proceed. The court rendered judgment for plaintiff. Defendant appealed.

J. C. Ball and J. Craig for appellant; W. B. Treadwell and F. E. Baker for respondent.

By the COURT.—1. Appellant contends the verdict was not sustained by the evidence, because the evidence showed, while the complaint does not allege, that it was part of the agreement between the parties that the axle of the ditching · machine.should be shortened, if necessary, so that the wheels should run between the rows of vines. But it was not necessary to allege, as part of the contract, that the machine should be so employed as not to injure defendant's grapevines. Stipulations necessary to make a contract reasonable are implied: Civ. Code, 1655. "If the parties expressly provide, not anything different, but the very same thing which the law would have implied, this provision may be regarded as having been made twice—by the parties and by the law. . . . . The expression of those things which the law implies works nothing": 2 Pars. Cont., side p. 515.

2. Appellant also contends the contract proved differed ma· terially from the contract alleged, in that the evidence shows the contract to have been that the ditch was to be ten inches wide and twenty inches deep, with a concave bottom, suitable for the reception of irrigating pipes, while the complaint alleges the ditches "were to be cut of uniform width of ten inches, and excavated to a uniform depth. of twenty inches." The complaint, however, alleges the ditches were to be cut with a certain machine, which, there was evidence tending to prove, would form a concavity at the bottom.

3. The court did not err in sustaining the objection to the question asked the witness Gould, as to how much it would be worth to excavate a ditch in a manner materially different

from the mode provided in the contract, as alleged in the complaint. The court charged the jury: "In this case the plaintiff must prove the contract as alleged in the amended complaint, and, unless you find from the evidence that the defendant agreed upon and understood all the parts of the contract, as set forth in said amended complaint, you must find a verdict for the defendant."

Evidence of the expense of digging a ditch in a manner materially different from the mode provided, as a test of value, in the contract alleged by plaintiff, was irrelevant, because plaintiff was not entitled to recover anything unless the actual contract was substantially the same as that by him alleged.

4. The instructions requested by defendant (the same being copied from two separate subdivisions of section 2061 of the Code of Civil Procedure) had already been given by the court.

5. It was not error to allow the plaintiff (who testified Bartlett was Briggs' foreman) to testify to a message delivered to him by Bartlett from the defendant. The question of Bartlett's agency was one of fact for the jury. Plaintiff swore to an offer to commence work, and was entitled to prove facts tending to show how he was prevented from performing his contract.

6. It was a question of fact for the jury whether a notice to defendant was left at his residence with his wife, and whether such notice reached him. The testimony of the witnesses plaintiff and Hutchins, given after the defendant rested, with reference to the delivery of such written notice to the wife of defendant, was not objected to on the ground that it was not proper as evidence in rebuttal.

7. Any testimony which the witness Blowers might have given in respect to the cost of digging a ditch such "as he had described" would have been irrelevant. He had described a ditch entirely different from that provided for by the contract between the parties.

Judgment and order affirmed.